UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIGNATURE CONSULTANTS, INC., and JAY L. COHEN, <br><br> Plaintiffs, <br> v. <br><br> STEVEN DROOKER, <br><br> Defendant. <br><br> ——— <br><br> STEVEN DROOKER, <br><br> Counter-Plaintiff, <br> v. <br><br> SIGNATURE CONSULTANTS, INC., and JAY L. COHEN, <br><br> Counter-Defendants. | MBD No. **04MBD 10357** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION
BY BEACON HILL STAFFING GROUP, LLC, AND ANDREW WANG**

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Plaintiffs Signature Consultants, Inc., and Jay L. Cohen (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of the Plaintiffs' Motion to Compel Production. Plaintiffs seek an order compelling third-party witnesses Beacon Hill Staffing Group, LLC ("Beacon Hill") and Andrew Wang ("Wang"), Beacon Hill's Executive Officer, to produce all documents required under the subpoena duces tecum of November 11, 2004, served in connection with litigation in the Southern District of

Florida between Plaintiffs and Defendant Steven Drooker ("Drooker").[1] *See* Complaint attached as Exhibit A; Subpoena to Beacon Hill attached as Exhibit B; Subpoena to Wang attached as Exhibit C. Beacon Hill and Wang have served objections to items 7-8, 12, 20-22, 24-25, and 28 of that subpoena duces tecum. *See* Objection attached as Exhibit D. Beacon Hill and Wang are both residents of Massachusetts.[2]

Attempts by Plaintiffs' counsel to resolve this issue with James W. Stoll, Esq., attorney for Beacon Hill and Wang, have been unsuccessful. For the reasons set forth below, Plaintiffs respectfully request that this Honorable Court enter an order compelling Beacon Hill and Wang to produce the documents required in items 7-8, 12, 21-22, and 24-25 of that subpoena duces tecum.[3]

## ARGUMENT

In a jointly filed Rule 45(c)(2)(B) Objection, Beacon Hill and Wang refused to produce the documents required in items 7-8, 12, 20-22, 24-25, and 28 of that subpoena duces tecum alleging that some of the information is "irrelevant," some is "proprietary," and that some requests are "generally overbroad and burdensome." Exhibit D at 2. On the contrary, this information is extremely relevant, and is neither overbroad nor burdensome. To the extent the

---

[1] Signature Consultants, Inc. v. Drooker, Case No. 04-60464-CIV (S.D. Fla.). Plaintiffs filed a Motion to Amend the Complaint and First Amended Complaint on December 9, 2004. The First Amended Complaint would not alter the Complaint in any way relevant to the issues raised in this Motion to Compel Production.

[2] Under Fed. R. Civ. P. 45(c)(2)(B), an order compelling production pursuant to a subpoena duces tecum must be issued by "the court by which the subpoena was issued." The subpoena duces tecum at issue here was issued by this Honorable Court pursuant to Fed. R. Civ. P. 45(a)(2): "If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made."

[3] In the interests of resolving this matter, Plaintiffs agree to withdraw their request for the documents requested in items 20 and 28 of the subpoena duces tecum.

subpoena duces tecum requests information that may properly be considered "proprietary," Plaintiffs have no objection to entering into a normal confidentiality agreement.

## Background

The underlying action in the Southern District of Florida was filed by Jay L. Cohen, as manager of and for the benefit of Signature Consultants, LLC ("Signature LLC"), and the corporation wholly owned and controlled by him, Signature Inc. The Complaint seeks to recover the substantial losses sustained by reason of the breaches by Drooker, the other named manager of Signature LLC, of his duties of loyalty and other duties owed to Signature LLC and to Signature Inc. with respect to the conduct of the business of Signature LLC. Signature LLC is a Florida limited liability company that is in the business of short-term and permanent placement of personnel, primarily in the information technology and finance and accounting ("F&A") fields.

The gravamen of Plaintiffs' Complaint is that Defendant Drooker, a managing-member of Signature LLC, has breached his fiduciary and other duties to Signature LLC by engaging in acts that constitute conflicts of interest. *See* Complaint, ¶ 1. This included using another company, Beacon Hill, owned and managed by Drooker, to actively compete with Signature LLC, *see* Complaint, ¶¶ 14-23, 38-40; causing Signature LLC to enter a contract with Beacon Hill to provide administrative services to Beacon Hill at below fair market value, *see* Complaint, ¶¶ 24, 43-45; and funneling prospective employees to Beacon Hill, instead of Signature LLC, as well as actively luring both present and potential employees away from Signature LLC and to Beacon Hill, *see* Complaint, ¶¶ 18-21, 23.

## Analysis

Item 7 requests "Any and all documents that reflect the identity of clients, potential or actual, of Beacon Hill in the finance and accounting staffing field." Beacon Hill and Wang claim that this information is irrelevant. However, this information is not only relevant, it is central to the claims against Drooker. The Complaint alleges that Drooker breached his fiduciary duties to Signature LLC by using Beacon Hill to actively compete against Signature LLC in the field of F&A personnel placement. To prove that claim, Plaintiffs must show that Beacon Hill was in fact competing against Signature LLC. The identity of Beacon Hill's actual F & A clients, and the identity of those solicited by Beacon Hill, is not simply relevant, it is crucial.

Item 8 asks for "Any and all documents that refer to and/or reflect candidates for employment at Beacon Hill, including, but not limited to documents relating to recruitment of, and interviews with, potential employees, lists of potential employees, and similar documents." Again, Beacon Hill and Wang claim that this information is irrelevant. However, again this information is directly relevant to the allegations against Drooker in the Complaint. The Complaint expressly alleges that Drooker funneled prospective employees of Signature LLC to Beacon Hill, instead of Signature LLC, and actively lured both present and potential employees away from Signature LLC and to Beacon Hill. *See* Complaint, ¶¶ 18-21, 23. A list of actual and potential employees is information that goes to the very heart of the claims against Drooker.

Item 12 asks for "Any and all documents that refer to, relate to and/or reflect the retention by Beacon Hill of any law firms, attorneys and/or other legal counsel for any matter." Beacon Hill and Wang also claim that this information is irrelevant. On the contrary, this information is extremely relevant to the claims against Drooker. If, in fact, the same attorneys and law firms represented Signature LLC, Drooker, and Drooker's company, Beacon Hill, it is more probable

that Drooker acted with a conflict of interest with regard to Beacon Hill and Signature LLC's contract with Beacon Hill, to the detriment of Signature LLC. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."). It also tends to prove that Drooker engaged that same attorney to represent both sides in furtherance of that scheme.

Item 21 asks for "Any and all documents that refer to, relate to and/or reflect any debt instrument to which Beacon Hill has been a party, and any guaranty of Beacon Hill's obligations thereunder." Central to Plaintiffs' claims against Drooker is the relationship between Drooker and Beacon Hill – either directly or through his wife. Drooker has denied his interest and/or participation in Beacon Hill. *See* Affidavit of Steven Drooker in Support of Defendant's Motion for Summary Judgment at 4, attached as Exhibit E. Any information that Drooker or his wife signed or guaranteed any debt instrument on behalf of Beacon Hill would make it more probable that Drooker had a significant interest and/or involvement with Beacon Hill, and is therefore highly relevant. *See* Fed. R. Evid. 401.

Item 22 asks for "Any and all documents that refer to, relate to and/or reflect the terms of any lease for space occupied by Beacon Hill." As with Beacon Hill debt information, if Drooker or his wife signed any lease on behalf of Beacon Hill, that would make it more probable that Drooker had a significant interest and/or involvement with Beacon Hill. Moreover, the Complaint also alleges that Drooker caused Signature LLC to enter into a lease for office space with the landlord being another company in which Drooker himself owned an interest, and that the terms of which lease were very unfavorable to Signature LLC and very favorable to Drooker. *See* Complaint, ¶25. If, in fact, a similar situation exists with Beacon Hill, it would make it more

probable that Drooker intentionally put Signature LLC into its lease with a Drooker-controlled trust to benefit himself, to the financial detriment of the LLC, as alleged in the Complaint. Thus, again, this information is highly relevant to whether Drooker breached his fiduciary duties to Signature LLC.

Item 24 asks for "Any and all documents that refer to, relate to and/or reflect telephone calls between Beacon Hill and Drooker, including phone records." Item 25 asks for "Any and all documents that refer to, relate to and/or reflect any communication between Beacon Hill and Drooker." Beacon Hill and Wang claim these items are not only irrelevant but overbroad and burdensome. Again, this information is highly relevant to show the relationship between Drooker and Beacon Hill. Moreover, the claim that production of this information would be overly burdensome stands in dramatic conflict with Drooker's sworn testimony that he had little or nothing to do with the management or operation Beacon Hill. *See* Exhibit E at 4. If, in fact, Drooker is not or has not been directly involved in the operation of Beacon Hill, the number of documents which would need to be produced for items 24 and 25 should be minimal. If, however, Drooker is and has been, as alleged, actively and directly involved in the operation of Beacon Hill, then this information is especially relevant and indeed goes to the heart of the claims against Drooker. It is precisely the quantity and quality of those communications that will show Drooker's active involvement in Beacon Hill.

## CONCLUSION

Accordingly, for the reasons shown above, Plaintiffs Signature Consultants, Inc. and Jay L. Cohen respectfully request that this Honorable Court grant their motion and issue an order compelling Beacon Hill Staffing Group, LLC, and Andrew Wang to produce the documents required in items 7-8, 12, 21-22, and 24-25 of the subpoena duces tecum of November 11, 2004.

Dated: December 14, 2004

Respectfully Submitted,

SIGNATURE CONSULTANTS, INC.,
and JAY L. COHEN,

By their attorneys,

_/s/ Nicholas Walsh_____

David A. Bunis (BBO #550570)
Nicholas J. Walsh (BBO #647702)
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210
617-371-1000
617-371-1037 (f)

Larry A. Stumpf, Esq.
Aaron Anthon, Esq.
Black, Srebnick, Kornspan & Stumpf, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421
305-371-6322 (f)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the *Memorandum Of Law In Support Of Plaintiffs' Motion To Compel Document Production By Beacon Hill Staffing Group, LLC, And Andrew Wang* was sent via Hand Delivery this 14th day of December, 2004 to **James W. Stoll, Esq.**, Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, Massachusetts 02111, and by First Class Mail, postage prepaid, to **Todd S. Payne, Esq.**, Zebersky & Payne, LLP, 4000 Hollywood Blvd., Suite 400 North, Hollywood, Florida 33021.

_____
Nicholas J. Walsh

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.